IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANGELA L. ALLEN,                          Civ. No. 6:11-cv-06264-AA

          Plaintiff,                       OPINION AND ORDER

     v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.

_____

Richard F. McGinty
P.O. Box 12806
Salem, OR 97309
     Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, OR 97201-2902

Willy M. Le
Special Assistant United States Attorney
Social Security Administration
701 Fifth Ave, Suite 2900 M/S 221A
Seattle, WA 98104-7075
     Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Angela L. Allen seeks judicial review of a final decision of the Commissioner denying her application for supplemental security income (SSI) under Title XVI of the Social Security Act (the Act), 42 U.S.C. § 405(g). For the reasons set forth below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

<u>BACKGROUND</u>

On December 14, 2007, plaintiff applied for SSI benefits. Tr. 116. After plaintiff's application was denied initially and again on reconsideration, plaintiff requested an administrative hearing. Tr. 93. The hearing was held on August 5, 2012, and both plaintiff and a vocational expert (VE) testified before an administrative law judge (ALJ). Tr. 36-64, 64-75. On September 22, 2009, the ALJ issued a decision finding plaintiff was not disabled within the meaning of the Act. Tr. 25. Plaintiff then sought review of the ALJ's decision with the Appeals Council, which was subsequently denied, thus rendering the ALJ's decision final. Tr. 1-3. Plaintiff now seeks judicial review.

Plaintiff was forty-three years old at the time of the ALJ's decision, with an 11th grade education and past work experience as a care giver, cashier, and nanny. Tr. 116, 139, 135. Plaintiff alleges disability since January 1, 2005, due to various physical and mental limitations, including depression, anxiety, epilepsy,

thyroid disease, hypoglycemia, severe arthritis, bad knees, back
pain, hearing problems, vertigo, sleep apnea, and a broken arch in
her right foot. Tr. 116, 139.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is
based on proper legal standards, and the findings are supported by
substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498,
501 (9th Cir. 1989). Substantial evidence is "more than a mere
scintilla. It means such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." Richardson v.
Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co.
v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both
the evidence that supports and detracts from the [Commissioner]'s
conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir.
1986).

While questions of credibility and the resolution of conflicts
in testimony are functions solely of the Commissioner, Morgan v.
Comm'r of Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999), any
negative credibility findings must be supported by substantial
evidence and findings in the record. Cequerra v. Sec'y of Health &
Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). Where the evidence
is susceptible to more than one rational interpretation, the
Commissioner's conclusion must be upheld. Burch v. Barnhart, 400
F.3d 676, 679 (9th Cir. 2005). However, even a decision based on

substantial evidence should be set aside if the ALJ failed to apply the proper legal standards in weighing the evidence. Frost v. Barnhart, 314 F.3d 359, 367 (9th Cir. 2002) (citing Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968)).

This court has the authority under 42 U.S.C. § 405(g) to enter a judgment affirming, modifying, or reversing the decision of the Commissioner to deny benefits, with or without remanding the case for further proceedings.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). In determining whether a claimant has met this burden, the ALJ performs a five-step sequential evaluation of the claimant's alleged disability. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920.

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since November 27, 2007. Tr. 16; 20 C.F.R. § 416.920(b). Next, at step two, the ALJ determined that plaintiff suffered from severe medical impairments including bipolar disorder, panic disorder with agoraphobia, seizure

disorder, mild sleep apnea/hypopnea with severe nocturnal hypoxia, obesity, left knee arthritis, and asthma. Tr. 16; 20 C.F.R. § 416.920(c).

At step three, the ALJ concluded that plaintiff's impairments did not meet the requirements of any listing. Tr. 17; 20 C.F.R. § 416.920(d). The ALJ found the plaintiff retained the residual functional capacity (RFC) to perform "unskilled work (routine, repetitive tasks with simple instructions)" with no more than occasional, brief contact with the general public. Tr. 18; 20 C.F.R. §§ 416.920(e), 416.945. After determining plaintiff's RFC, the ALJ determined at step four that the plaintiff had no past relevant work. Tr. 24; 20 C.F.R. § 416.920(f).

At step five, the burden shifts to the Commissioner to prove that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. § 416.920(g). The ALJ makes this determination based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.960(c). Here, the ALJ determined that the plaintiff can perform jobs existing in significant numbers in the national economy. Tr. 24; 20 C.F.R. § 416.966. Relying on the VE's testimony, the ALJ specifically found that plaintiff could perform work as a Surveillance-System Monitor, thus rendering her not disabled under the Act. Tr. 24-25.

<u>DISCUSSION</u>

Plaintiff asserts that the ALJ erred in two respects. First,

plaintiff argues the ALJ erred in finding that plaintiff could perform other work that is inconsistent with her RFC. Second, plaintiff argues the ALJ erred by not properly considering the testimony of two lay witnesses.

A. RFC Inconsistency

Plaintiff argues that the ALJ's decision to deny her benefits is not supported by substantial evidence because the occupation found by the ALJ is inconsistent with her RFC. Pl. Br. 5-6.  A Surveillance-System Monitor has a Dictionary of Occupational Titles (DOT) reasoning level of three, which requires a person to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [, and] [d]eal with problems involving several concrete variables in or from standardized situations." Dictionary of Occupational Titles, (4th ed. rev. 1991). Plaintiff argues that the requirement that she be able to deal with "problems involving several concrete variables" is inconsistent with her RFC limitation of "simple instructions."[1] Pl. Br. 7. In response, defendant argues that no conflict exists between a RFC that limits a person to simple work and level three reasoning. Df. Br. 8.

At step five in the disability evaluation, the ALJ has an

---

[1]Plaintiff offers three other arguments for why the Surveillance-System Monitor position is inconsistent with her RFC – none of which are meritorious, and the court does not address them.

affirmative duty to: (1) ask the VE whether there is any conflict between the VE's testimony and the DOT; and (2) obtain a reasonable explanation for any apparent conflict between the VE's testimony and the DOT. See SSR-004p; Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007). Thus, if either the VE identifies a conflict, and/or if an apparent conflict exists, the ALJ must "elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." SSR-004p.

Here, the ALJ fulfilled his first duty by asking the VE whether his testimony conflicted with information in the DOT. Tr. 73. Thus, the issue in this case is whether there was an apparent conflict between the plaintiff's RFC of "simple instructions" and the level three reasoning requirement. Plaintiff argues, and I agree, that there is an apparent conflict between her RFC and the level three reasoning requirement.

As defendant points out, the Ninth Circuit has yet to rule on whether a level three reasoning requirement conflicts with a RFC limitation of routine, repetitive tasks with simple instructions. While defendant argues that other circuits have found no conflict, there is not a clear a consensus among the circuits on this issue. Compare Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007) (holding that a plaintiff limited to simple, concrete instructions is not inconsistent with R3 reasoning level); Terry v. Astrue, 580

F.3d 471, 478 (7th Cir. 2009) (holding that an R3 reasoning level is not inconsistent with a RFC limitation of "simple, unskilled work"); with Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (holding that RFC including "simple and routine work tasks" is inconsistent with level three reasoning).

While the Ninth Circuit has not expressed a view on this matter, this District has. In fact, several judges have found that a RFC of "simple instructions" is inconsistent with level two reasoning which requires even less reasoning ability. See e.g., Burnsides v. Astrue, 2010 WL 2730966, at *5 (D. Or. July 9, 2010) (holding that simple, routine instructions and tasks are inconsistent with level two reasoning); Pope v. Astrue, 2011 WL 3584802, at *17 (D. Or. May 20, 2011) (finding that ability to understand simple instructions and carry out simple routine tasks is inconsistent with level two reasoning), Findings and Recommendation adopted in relevant part, 2011 WL 3567200 (D. Or. Aug. 15, 2011). I agree with these district court rulings and find an apparent conflict between level three reasoning and a RFC that limits a claimant to "unskilled work (routine, repetitive tasks with simple instructions)." Tr. 18.

Accordingly, the ALJ in this case had an affirmative duty to identify and resolve this conflict before making his disability determination. Because the ALJ failed to do so, the ALJ erred in finding that plaintiff was able to perform other work and the

Commissioner's disability determination is not supported by substantial evidence. As a result, remand is required to resolve this inconsistency.

## B. The ALJ's Rejection of Lay Testimony

Additionally, plaintiff argues the ALJ's decision was not supported by substantial evidence because he failed to properly consider the testimony of plaintiff's counselor, Ms. Darilou Potter, LPC, and boyfriend, Mr. Arturo Sarmiento. Pl. Br. 10, 12.

### 1. Opinion of Ms. Potter, LPC

First, plaintiff argues that the ALJ failed to give sufficient weight to the opinion of her counselor, Ms. Potter, LPC. Pl. Br. 10. Ms. Potter's mental assessment concluded that plaintiff had moderate to severe limitations in all areas of mental and social functioning, but she nonetheless assigned plaintiff a Global Assessment of Functioning (GAF) of 65. Tr. 690-691. A GAF of 65 indicates some mild level of symptoms or functional difficulty, but an overall good level of functioning and meaningful interpersonal relationships. American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders IV-Text Revision, 34 (4th ed. 2000)(DSM-IV-TR). In his decision, the ALJ explained that due to the inconsistency of Ms. Potter's report, he declined to give weight to Ms. Potter's conclusion that the claimant had many moderate to severe functional limitations. Tr. 23.

An ALJ must consider lay witness testimony concerning a

claimant's ability to work. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). A lay witness' testimony about a claimant's symptoms or the claimant's ability to work is competent evidence, and an ALJ cannot reject it without comment. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). If the ALJ wishes to disregard lay witness testimony, he must give a reason for doing so that is germane to each witness. Dodrill, 12 F.3d at 919. Where lay witness testimony is inconsistent, an ALJ may reject it on those grounds. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009).

I find that the ALJ provided the requisite germane reasons when rejecting Ms. Potter's opinion, given its internal inconsistency, and the reasons are supported by the record. Thus, I find that the ALJ did not err in rejecting Ms. Potter's opinion because his reason for doing so was germane to her testimony.

2. Opinion of Mr. Sarmiento

Next, plaintiff argues that the ALJ erred in rejecting the testimony of plaintiff's boyfriend, Mr. Sarmiento. Pl. Br. 12. Mr. Sarmiento submitted an affidavit containing his assessments of plaintiff's limitations. Tr. 199. In his report, the ALJ concluded that Mr. Sarmiento's statement "does not provide much insight into the claimant's actual activities and is not particularly credible." Tr. 23. Plaintiff disagrees with the ALJ's finding that Mr. Sarmiento's testimony did not provide insight into the claimant's

activities. Pl. Br. 12. The plaintiff argues that Mr. Sarmiento's observations were consistent with Ms. Potter's testimony, and therefore were consistent with other testimony in the record. Pl. Br. 12. Furthermore, plaintiff contends that the ALJ failed to provide a rationale for finding Mr. Sarmiento "not particularly credible," though plaintiff provides no argument to support this assertion.  Pl. Br. 12.

An ALJ may reject lay testimony so long as he provides a germane reason for doing so. Dodrill, 12 F.3d at 919.  "[I]f the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012). Thus, where the ALJ has found a claimant's testimony to be not credible, the ALJ may reject lay testimony that essentially reproduces the claimant's testimony. Valentine, 574 F.3d at 694.

I find that the ALJ's rejection of Mr. Sarmiento's testimony was sufficient because the ALJ provided reasons for rejecting it, and those reasons were germane to Mr. Sarmiento's testimony. The fact that a plaintiff disagrees with the ALJ's reasons for rejecting lay witness testimony is not reason enough to reverse the ALJ's finding. Rather, as the case law demonstrates, an ALJ may reject lay witness testimony so long as the ALJ provides germane reasons for doing so. In this case, the ALJ met this burden by

providing reasons germane to Mr. Sarmiento's testimony. First, the ALJ explained that he rejected Mr. Sarmiento's testimony because it did not provide information about the plaintiff's actual activities. Second, the ALJ explained he rejected the testimony because it was not particularly credible. Notably, Mr. Sarmiento's testimony was consistent with plaintiff's testimony, and the ALJ had explained why plaintiff's testimony was not credible, a finding that the plaintiff does not dispute is supported by substantial evidence. Tr. 22-23; Pl. Br. 13. I find that the ALJ's reference to credibility sufficiently "points" to his determination of plaintiff's credibility. Thus, the ALJ did not err in rejecting Mr. Sarmiento's testimony, and the ALJ's decision to reject the testimony is supported by substantial evidence in the record.

<u>CONCLUSION</u>

For the foregoing reasons, the ALJ's finding that plaintiff was not disabled under the Act is not supported by substantial evidence in the record. Accordingly, the Commissioner's decision is REVERSED and the case is REMANDED for further proceedings to determine plaintiff's ability to perform other work.

IT IS SO ORDERED.

DATED this _12_ day of February, 2013.

_____
Ann Aiken
United States District Judge